## (March 21, 1963)

■ FRANK McCLOSKY et al., Respondents, v. LONG ISLAND HOCKEY CLUB, INC., et al., Appellants.—In an action for an injunction, a declaratory judgment and other relief, the parties appeal as follows from the following two orders of the Supreme Court, Nassau County: (1) Defendants appeal from an order dated February 26, 1963, entered in Suffolk County February 28, 1963, which denied their cross motion to dismiss the complaint, which granted plaintiffs' motion for an injunction *pendente lite* and which, *inter alia*: (a) prohibited defendants from interfering with plaintiffs' exclusive possession of the Long Island arena in Commack, Suffolk County, and its use for a circus operation during the 1963 Easter season, April 8, 1963 to April 21, 1963; and (b) prohibited defendants from giving access to or occupancy of the arena during such period to the corporation George A. Hamid Circus Company, Inc., or to any other person or corporation. (2) The Hamid corporation appeals from an order dated March 8, 1963, entered in Suffolk County March 11, 1963, which denied its motion for leave to intervene as a party defendant, for reargument of the plaintiffs' motion for the injunction *pendente lite,* and for other relief. Order of February 28, 1963 modified, in the exercise of discretion, by adding thereto a provision to the effect that plaintiffs' motion for an injunction *pendente lite,* insofar as the motion seeks to enjoin the defendants from giving access to or occupancy of the said arena to the Hamid corporation, is granted upon the further condition that plaintiffs shall furnish an undertaking for $25,000, with corporate surety, to pay to the Hamid corporation such damages (if any) as it may sustain by reason of the granting of this temporary injunction, in the event that the court should finally determine: (a) that the plaintiffs were not entitled to the injunction with respect to the said Hamid corporation,

and (b) that plaintiffs' rights to the use and occupancy of the arena for the 1963 Easter season under their claimed lease agreement of April 7, 1961 are subordinate to the Hamid corporation's rights to such use and occupancy under its claimed lease agreement with the defendant Long Island Hockey Club, Inc. As so modified, the order is affirmed, without costs. The undertaking shall be filed and a copy served within five days after entry of the order hereon. Order of March 8, 1963 modified, in the exercise of discretion, by adding a provision granting the motion of the Hamid corporation insofar as it seeks leave to intervene as a party defendant; and by adding a provision directing plaintiffs to serve an amended complaint against the defendants, including the Hamid corporation. As so modified, the order is affirmed, without costs. The amended complaint shall be served within 30 days after entry of the order hereon. In our opinion, in view of the conflicting claims made by the respective parties, the Hamid corporation is an indispensable party; without it the adverse claims may not be properly resolved. The interests of justice require that the claims of all the parties should be determined in one action. Hence, it was an improvident exercise of discretion not to permit the Hamid corporation to be joined as a party defendant (see Civ. Prac. Act, §§ 193, 193-b; Rules Civ. Prac., rule 75). Since the Hamid corporation is entitled to be joined as a party defendant and since it claims it may suffer substantial damage by reason of the granting of the injunction *pendente lite,* it should be protected by the filing of appropriate security in the event that the court should ultimately determine that, as against the plaintiffs, it was entitled to the use and occupancy of the arena for the 1963 Easter season. Under all the circumstances, we believe an undertaking for $25,000, with corporate surety, is adequate. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.